IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM ELIENIST,  )
      Petitioner,  )
                              )
      v.  )    C.A. No. 06-59 Erie
                              )
                              )
JAMES SHERMAN,)
      Respondent,  )

## ORDER

Presently before the Court is Petitioner's Motion for Reconsideration (Doc. 16) of the Court's Order denying his petition for habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 15.) In his motion for reconsideration petitioner argues for reconsideration based on the Court's failure to address his "unusual circumstances" raised in his Objections to the Magistrate Judge's Report and Recommendation. (Doc. 11.)

In our Memorandum Order denying Petitioner's habeas petition we explained that we conducted a *de novo* review of the pleadings in this case. We also noted that the Petitioner had filed objections and that the Defendant had filed a Response to the Objections. Thus, while we did not specifically set forth Petitioner's objection in our Memorandum Order we did consider the objection. Petitioner argues that he should not have been classified by the Bureau of Prisons as Deportable Alien because he was legally unable to comply with one of the three factors to avoid such a classification. The relevant factor states that the person under evaluation must show that he or she has at least a three year history of stable employment prior to incarceration. Petitioner argues that he was a juvenile for part of the time before he was incarcerated and was legally unable to obtain full-time, forty-hour a week employment.

As Defendant noted in his Response to Petitioner's objections, Petitioner's argument is moot. The relevant Bureau of Prisons Program Statement, Section 5100.07, has been replaced by

Section 5100.08. The new section eliminated the three factors to consider when evaluating a prisoner for classification as an Alien, and replaced it with language that classifies anyone who is not a citizen of the United States as an Alien. Petitioner has been evaluated under the new section and was properly classified as an Alien.

In addition, as Defendant pointed out in response to Petitioner's objections, Petitioner's status as a juvenile does not affect his classification. The discretion is left to the Bureau of Prisons, and while it is possible that the Bureau of Prisons might choose not to classify a person as an Alien because the person was a juvenile for part of the preceding three years before incarceration, the Bureau is not required to. In this case, Thomas Washburn from the Federal Bureau of Prisons submitted an affidavit noting that Petitioner's Alien classification is proper even though he was a juvenile for a part of the time before his incarceration. We see no error in that designation even if Petitioner's argument were not moot.

AND NOW, to-wit, this __10th__ day of May, 2007, it is hereby ORDERED, ADJUDGED, and DECREED that Williams Elienist's Motion for Reconsideration (Doc. 16) be and hereby is DENIED.

_Maurice B. Cohill, Jr._
Maurice B. Cohill, Jr.
Senior United States District Judge

cc:   William Elienist, *pro se*
      55799-004
      USP LEAVENWORTH A-3
      PO BOX 1000
      LEAVENWORTH, KS 66048

2